**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0394-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALBERT SERRANO, JR, a/k/a
ALBERT SERRANO, and
ALBERT ISERRANO,

    Defendant-Appellant.

_____

Submitted October 22, 2018 – Decided October 30, 2018

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 14-04-1284, 14-05-1551, and 14-09-3041.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel; William P. Welaj, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Linda A. Shashoua, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Albert Serrano, Jr. appeals from a July 18, 2017 order denying his petition for post-conviction relief (PCR), without an evidentiary hearing. We affirm.

Judge John T. Kelley entered the order and rendered a comprehensive oral decision setting forth, in great detail, the facts, procedural history and legal standards applicable to defendant's PCR. Briefly summarizing, on January 30, 2013, defendant was arrested immediately following a robbery of Oxycodone at a Walgreens Pharmacy in Winslow Township. Ten to fifteen minutes after the robbery, a Walgreens manager positively identified defendant whom police officers detained in the parking lot of a McDonald's located approximately 300 feet from the Walgreens. Defendant's wife consented to a search of the Serrano's vehicle while it was parked in the lot. Three bottles of Oxycodone were seized from a large-sized jacket located in the back seat of the car. The Walgreens pharmacist positively identified defendant, and the Oxycodone as the drugs defendant demanded from him during the robbery.

Thereafter, defendant was charged in a Camden County indictment with first-degree robbery, N.J.S.A. 2C:15-1(a)(2) (count one), and third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1) (count

A-0394-17T1

two).  Following a jury trial before Judge Kelley, defendant was convicted of the lesser-included offense of second-degree robbery on count one, and count two.  In January 2015, Judge Kelley sentenced defendant to an aggregate eight-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.[1]

Defendant filed a direct appeal, but counsel subsequently filed a motion to withdraw that appeal pursuant to Anders v. California, 386 U.S. 738 (1967), which we granted.  Thereafter, defendant filed a pro se PCR petition and amended petition.  Appointed counsel then filed a letter brief on defendant's behalf.

Pertinent to this appeal, the judge rejected defendant's arguments that his trial counsel erred in failing to: (1) file a motion to suppress the evidence seized from his vehicle; (2) file a motion for an identification hearing; (3) explain the strengths of the State's case to him; and (4) adequately advise him about his right to testify.  Defendant also claimed trial counsel should have argued for his admission into drug court.  This appeal followed.

---

[1] Defendant's sentence also resolved two other open indictments, i.e., defendant pled guilty to third-degree possession of heroin and disorderly conduct, a petty disorderly offense, regarding one indictment, and the other indictment was dismissed as part of the plea agreement.  Those other indictments are not the subject of this appeal.

A-0394-17T1

On appeal, defendant renews most of the arguments raised before the PCR judge. In particular, defendant argues:

POINT I

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.

. . . .

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO PURSUE A MOTION TO SUPPRESS THE WARRANTLESS SEARCH AND SEIZURE CONDUCTED BY LAW ENFORCEMENT.

. . . .

2. THE AUTOMOBILE EXCEPTION TO THE SEARCH WARRANT REQUIREMENT DID NOT APPLY UNDER THE CIRCUMSTANCES [OF] THE PRESENT CASE.

3. THE THIRD-PARTY CONSENT TO SEARCH EXCEPTION TO THE WARRANT REQUIREMENT DID NOT APPLY UNDER THE CIRCUMSTANCES OF THE PRESENT CASE.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S

4

A-0394-17T1

FAILURE TO PURSUE A <u>WADE</u> HEARING PRIOR TO TRIAL.

D. TRIAL COUNSEL DID NOT ADEQUATELY REPRESENT THE DEFENDANT ARISING OUT OF HIS FAILURE TO THOROUGHLY DISCUSS WITH HIS CLIENT ALL RELEVANT RAMIFICATIONS ASSOCIATED WITH THE DECISION WHETHER OR NOT TO TESTIFY, AS A RESULT OF WHICH HE DID NOT TESTIFY IN HIS OWN DEFENSE.

E. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL SINCE, AS A RESULT OF HIS ATTORNEY'S FAILURE TO ACCURATELY INFORM HIM REGARDING THE STRENGTHS OF THE STATE'S CASE, HE REJECTED THE PLEA RECOMMENDATION AND INSTEAD PROCEEDED TO TRIAL, SUBSEQUENTLY RECEIVING A SENTENCE GREATER THAN THAT EMBODIED IN THE PLEA OFFER.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." <u>State v. Preciose</u>, 129 N.J. 451, 459 (1992). Pursuant to <u>Rule</u> 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey."

"[A] defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the

evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant must prove counsel's performance was deficient; it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 52 (1987) (adopting the Strickland two-part test in New Jersey).

A defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Thus, petitioner must establish that counsel's performance was deficient and petitioner suffered prejudice in order to obtain a reversal of the challenged conviction. Id. at 687; Fritz, 105 N.J. at 52.

Further, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the

record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. See Preciose, 129 N.J. at 462. We review any legal conclusions of the trial court de novo. State v. Nash, 212 N.J. 518, 540-41 (2013); State v. Harris, 181 N.J. 391, 419 (2004).

We are satisfied from our review of the record that defendant failed to demonstrate a prima facie showing of ineffectiveness of counsel under the Strickland/Fritz test. We therefore discern no abuse of discretion in the denial of defendant's PCR petition, and affirm for the reasons set forth in Judge Kelley's thorough and well-reasoned opinion.

In sum, we agree with the judge that a motion to suppress the evidence seized from defendant's automobile, and a motion to suppress the victim's out-of-court identification, would have been futile. Even if defendant had satisfied prong one of the Strickland/Fritz test, which is not the case, there is no prejudice here. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52. In particular, the automobile exception to the warrant requirement, see State v. Witt, 223 N.J. 409, 450 (2015), and the consent to search exception, see State v. Carty, 170 N.J. 632, 635, modified, 174 N.J. 351 (2002), formed two independent bases to

A-0394-17T1

search defendant's jacket. Secondly, the record is devoid of any evidence that the show-up identification was suggestive especially where, as here, the identification was made within minutes of the robbery. Cf. State v. Henderson, 208 N.J. 208, 290 (2011) (recognizing the suggestiveness of a show-up identification can be influenced by several factors, including whether the show-up was performed more than two hours after the event).

Rather, as Judge Kelley aptly noted, "[t]he evidence against the defendant was overwhelming[.]" Nonetheless, defense counsel "succeeded in convincing the jury to acquit the defendant of the more serious first degree robbery charge . . . ." Moreover, defendant's bald-faced assertions that counsel's ineffective assistance deprived him of the opportunity to plead guilty and testify in his own behalf were made without any supporting certifications. Accordingly, the judge correctly determined an evidentiary hearing was not warranted. See Preciose, 129 N.J. at 462-63.

We therefore conclude defendant's arguments are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0394-17T1